UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PLA-FIT FRANCHISE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-00315-NT |
| | ) |
| JASON COLE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER**

This matter comes before the court on Pla-Fit Franchise, LLC's ("Planet Fitness") emergency ex parte motion for a temporary restraining order (ECF No. 3).

In considering a request for a temporary restraining order, the court must determine: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effect that the injunction or its denial would have on the public interest." *Diaz-Carrasquillo v. Garcia-Padilla*, 750 F.3d 7, 10 (1st Cir. 2014) (citing *Corporate Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013)).

### I. FACTUAL BACKGROUND

At this point, the court has only the materials submitted by Planet Fitness. From those materials I can glean the following facts: Since July 22, 2014, Jason Cole has been employed by Planet Fitness as its payroll manager. ECF No. 4 at 1. During the course of his employment, Cole executed several employment agreements,

including Planet Fitness' Confidentiality, Inventions, and Non-Competition Agreement ("Confidentiality Agreement") (ECF No. 4-3), its Security Awareness & Acceptable Use Policy ("Security Policy") (ECF No. 4-4), and its Acceptable Use Policy—Administrator Rider ("Administrator Rider") (ECF No. 4-5). By signing the Confidentiality Agreement, Cole agreed to "never, directly or indirectly, use or disclose any Confidential Information," and promised not to "copy any Documents or remove any Documents or copies or derivatives thereof from the premises of the Company." ECF No. 4-3 at 2-3. By signing the Security Policy, Cole agreed that he was prohibited from "effecting security breaches," which were defined as "accessing data of which the employee is not expressly authorized to access." ECF No. 4-4 at 4. Additionally, by signing the Administrator Rider, Cole agreed that "[a]ny breach of . . . trust, by misusing privileges or failing to maintain the highest level of professional integrity will be considered gross misconduct by the company[.]" ECF No. 4-5 at 3.

On June 3, 2015, Cole erroneously received an attorney-client privileged email from Planet Fitness' Chief Administrative Officer and General Counsel, Richard Moore. ECF No. 4 at 3. In fact, Moore's email was intended for an outside attorney named Jason E. Cole. *Id.* Realizing that he was not the intended recipient, Cole forwarded the email to Planet Fitness' Human Resources Director, Karen Avery, who asked Cole to "completely delete" the email and to ensure that it was thoroughly deleted from his mailbox system. ECF No. 4-6 at 2. Cole replied that he had deleted the email and that he had stopped reading it after the first line. *Id.*

2

Avery subsequently instructed the Planet Fitness Information Technology ("IT") department to check Cole's computer to ensure that the email had, in fact, been deleted. ECF No. 4 at 3. The IT department confirmed that Cole had deleted the email as discussed, and Avery considered the matter resolved. *Id.*

Approximately two months later, on July 30, 2015, Avery attended a meeting with Cole and Planet Fitness' Associate General Counsel, Alison Johnson. *Id.* According to Avery's account, Cole was agitated over the recent termination of another Planet Fitness employee, Laura Shaw, with whom Avery believes Cole is in a romantic relationship and with whom he allegedly resides. *Id.* In addition to Shaw's termination, Cole also expressed concern that he would soon be terminated, and, apparently apropos of nothing, told Avery that he had downloaded the June 3 email from General Counsel Moore and saved it on his home computer. *Id.* Cole described the email as "damning," both politically and from a business perspective, and threatened to release it to the public immediately before Planet Fitness' impending initial public offering ("IPO"). *Id.* at 3-4.

Planet Fitness disputes Cole's characterization of Moore's email, describing it instead as "a communication of legal strategy by Planet Fitness and legal counsel." ECF No. 3-1 at 7. Nevertheless, Avery states that Cole's comments were "particularly concerning" to her because she recently became aware of Cole's alleged misuse of other privileged information. ECF No. 4 at 4. For example, Avery cites an instance in which Cole forwarded an email to Shaw that was restricted to members of the Planet Fitness Human Resources management team. *Id.* Avery also noted that

Shaw, upon being notified of her termination, asked why she had not been placed on a performance management plan, and named other employees on such plans. *Id.* According to Avery, Shaw could only have learned of these other employees through a wrongful disclosure by Cole. *Id.*

Avery states that Planet Fitness intends to terminate Cole's employment based upon his alleged "disrespect for company policies related to confidential information, history of poor follow through on assignments, and attendance issues[.]" *Id.* at 4.

## II. LEGAL ANALYSIS

### A.   Likelihood of Success On the Merits

Having considered all materials submitted and having heard argument from Plaintiff's counsel, I conclude at this extremely preliminary stage that Planet Fitness has demonstrated a likelihood of success on the merits related to its claims for breach of contract, conversion, and violation of the Computer Fraud and Abuse Act, 18 U.S.C.A. § 1030(a)(2) (2015). Based upon Cole's alleged admissions at the July 30 meeting with Avery and Johnson, there is a reasonable probability that he has downloaded other confidential information. Furthermore, based upon Cole's threats at the July 30 meeting, there is a reasonable probability that he intends to publish the email or other confidential information.

### B.   Irreparable Harm

I also conclude that Planet Fitness will suffer irreparable harm absent a temporary restraining order. As established in Avery's affidavit, Cole has taken personal possession of an email in violation of the Confidentiality Agreement,

4

Security Policy, and Administrator Rider, and threatened to release the content of the email to the public so as to disrupt Planet Fitness' impending IPO. ECF No. 4 at 3-4. In addition, Cole has allegedly forwarded another email, intended only for the Planet Fitness Human Resources team, to Shaw and has allegedly shared with her information about other employees' performance management plans. ECF No. 4 at 4. The public disclosure of Planet Fitness' confidential information by Cole related to its IPO, its personnel, and, possibly, other business activities, would undoubtedly cause irreparable harm to Planet Fitness, its managers, and employees.

### C. Balance of Hardships

The balance of hardships weighs in Planet Fitness' favor, but, for reasons I will explain, not to the degree claimed by Planet Fitness.

Absent a TRO, there is a credible risk that Cole will disclose confidential information that could cause Planet Fitness real harm. On the other hand, the entry of a TRO will not result in significant hardship to Cole. He is already contractually bound to maintain the confidentiality of Planet Fitness' information and not to misuse it. Therefore, a temporary restraining order that prohibits Cole from using or disseminating Planet Fitness' confidential information, and that obligates him to return that information and preserve any information stored on electronic devices will impose no more than a modest hardship on Cole, if any.

Planet Fitness also seeks, as set forth in its proposed temporary restraining order, an order requiring Cole to surrender all electronic devices capable of storing information belonging to Planet Fitness. This would include, but not be limited to,

personal computers, hard drives, portable storage devices, smartphones, and other electronic communications, computing, or storage devices in Cole's possession. Obligating Cole to turn over possession of his personal electronic devices to Planet Fitness could cause him great hardship given the extent to which individuals rely on these devices to store personal information, for communications and calendar management, and otherwise.  Cole's turnover of these devices to his employer or former employer could result in the unnecessary violation of his personal privacy, and could offer Planet Fitness a window into Cole's activities and personal affairs far beyond that permitted under the rules of discovery.

Accordingly, I conclude that a fair balancing of the hardships weighs in favor of the award of a temporary restraining order that will bar Cole from misusing Planet Fitness' confidential information and require him to preserve the same, but not in favor of mandating the wholesale turnover of Cole's electronic devices.  I will limit the temporary restraining order accordingly.

**D. Public Interest**

Based on my review of Planet Fitness' submission, I conclude that the issuance of a temporary restraining order is in the public interest.  Preserving the confidentiality of sensitive business information related to an initial public offering, personnel records, and other business matters is undoubtedly in the public's interest. I see nothing to suggest that the entry of a temporary restraining order will work against the public interest.

### E. Entry of Order Against Non-Parties

For the reasons previously discussed, Planet Fitness asks that the temporary restraining order be directed against both Cole and Deborah Shaw. Shaw is not named as a defendant in the Complaint. There is no sound basis on which to deviate from the general principal that an injunction "cannot enjoin a nonparty; rather, a court can hold a nonparty in contempt if the nonparty knowingly aids a party in violating an injunction." *Lumber Liquidators, Inc. v. Sullivan*, 2011 WL 5884252, *4 (D. Mass. Aug. 10, 2011); *see also Securadyne Systems, LLC v. Green*, 2014 WL 1334184, *9 (D. Me. Apr. 2, 2014). As a nonparty, Shaw would not have standing to seek the dissolution of the temporary restraining order. *See* Fed. R. Civ. P. 65(b)(4). However, Planet Fitness is not without any rights with regard to Shaw. So long as Shaw has actual notice of the temporary restraining order, she is bound to its terms if she is "in active concert or participation with" Cole. Fed. R. Civ. P. 65(d)(2)(C). For these reasons, I conclude that a temporary restraining order should be directed against Cole alone.

### F. Conclusion

Because of the confidential nature of the information Planet Fitness seeks to protect, I conclude that prior notice of the motion should not be provided. *See* Fed. R. Civ. P. 65(b)(1)(B).

For the reasons stated above, I hereby **ORDER** that **Defendant Jason Cole** and **all those persons in active concert or participation with him** are hereby enjoined as follows:

1. Cole shall not use, copy, destroy, disseminate, transmit, secret, print, publish, tamper with, or alter Planet Fitness' confidential information;

2. Cole shall immediately return to Planet Fitness all property and hard copies of documents in his possession or control that belong to Planet Fitness.

3. Cole shall preserve, maintain, and protect all personal computers, hard drives, portable storage devices, smartphones, and other electronic communications, computing, or storage devices in his possession or control. In addition, Cole is specifically ORDERED to preserve, maintain, and protect, all information belonging to Planet Fitness that is stored in or on any of the foregoing types of devices in his possession or control, and shall keep it confidential.

This Order shall remain in effect until fourteen days after it is entered.

The Plaintiff is required to post a secured bond in the amount of $20,000 pursuant to Federal Rule of Civil Procedure 65(c).

**SO ORDERED.**

                                                **/s/ JON D. LEVY**
                                      **United States District Judge**

Dated this 10th day of August 2015.

Time: 7:01 p.m.